UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AN WEI, | ) No. 8:26-cv-01481-JDE |
| Petitioner, | ) |
| | ) ORDER REGARDING PETITION |
| v. | ) |
| WARDEN, DESERT VIEW ANNEX, | ) |
| et al., | ) |
| Respondents. | ) |

## I.

## INTRODUCTION

On June 10, 2026, An Wei ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities and ostensibly seeking "statewide or nationwide relief" (Dkt. 1, "Petition" or "Pet."); and an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction & Motion for Temporary Restraining Order and Preliminary Injunction" (Dkt. 3, "TRO Request"). Petitioner contends his ongoing detention without a meaningful individualized hearing before a neutral decisionmaker violates the Due Process Clause, 8 U.S.C. § 1226(a), and 5 U.S.C. § 706(2)(A); and arresting him

without presenting him a warrant at the time of his arrest violated the Due Process Clause and the Immigration and Nationality Act ("INA"). As for relief, Petitioner seeks immediate release or alternatively, a hearing before a neutral immigration judge ("IJ") at which the government bears the burden to establish by clear and convincing evidence that he is a flight risk or danger; a declaration that his detention violates the Due Process Clause; a declaration that "nationwide, current [Executive Office for Immigration Review ("EOIR")] policy regarding bond hearings is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' resulting from racist, anti-immigrant animus and based on impermissible pretextual reasoning"; a nationwide order requiring EOIR to comply with the law and issue bond determination decisions objectively; and attorney's fees and costs. Pet. at 36-37.

On June 17, 2026, Respondents filed an Answer to the Petition. Dkt. 11 ("Ans."). Petitioner filed a Traverse on June 23, 2026. Dkt. 12 ("Trav.").

For the reasons discussed below, the Petition is denied.

## II.

## FACTUAL BACKGROUND

Petitioner is a noncitizen who last entered the United States on a F-1 student visa in 2015, authorizing him to remain in the United States until June 22, 2016. Pet. ¶¶ 1, 6. He filed an asylum application on November 15, 2016, which remains pending. Id. Recently, his wife filed an I-130 petition on his behalf, and he filed a 42B cancellation of removal application. Id. ¶¶ 9-10, 26. He is authorized to work in the United States, with his current work permit set to expire on October 3, 2029. Id. ¶ 6.

When Petitioner appeared for an asylum interview on December 24, 2025 at the United States Citizenship and Immigration Services Santa Ana Field Office, he was detained. Pet. ¶ 8. He claims this was done without prior notice, a warrant, a hearing, or any neutral determination that detention was justified,

2

although he concedes he was advised that he was being detained for an "overstay." Id. ¶¶ 1, 70. On December 29, 2025, Respondents issued a Notice to Appear under INA § 237(a)(1)(B) for remaining in the United States longer than permitted and removal proceedings were initiated. Id. ¶ 31, Exh. C.[1]

Petitioner has received two bond hearings, which he claims were "constitutionally inadequate." Pet. ¶ 11. After he was detained, Petitioner requested bond and a bond hearing was held on February 24, 2026, which was denied. Id. ¶ 32. Petitioner claims, among other things, that he was not provided a Mandarin interpreter at the hearing. Id. A second bond hearing on his renewed motion was held on May 14, 2026. Id. ¶¶ 33-34. Bond was denied based on a 2017 DUI conviction. Id. ¶ 34, Exh. F.

Petitioner remains in custody. Pet. ¶ 20. A hearing on his 42B cancellation of removal application was scheduled for June 23, 2026. Id. ¶ 10. No party has provided an update regarding that hearing.

### III.
### DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d

---

[1] The Notice to Appeal states that it "[s]upersedes the Notice to Appear issued on December 23, 0205 [sic]." Id., Exh. C.

3

605, 609 (9th Cir. 1996) (as amended). In the present case, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

**A.     Challenge to Bond Decision**

As noted, Petitioner has been provided two bond hearings, most recently on May 14, 2026, at which he was represented by counsel and provided an opportunity to present evidence. See Pet. ¶ 33, Exh. F. Bond was denied. The IJ found the government had shown by clear and convincing evidence that Petitioner is a danger to the community. Id. Petitioner contends the decision were "pretextual in nature and predetermined to prevent his release." Id. ¶ 3.

Respondents argue that Petitioner failed to exhaust his administrative remedies by filing an appeal with the Board of Immigration Appeals ("BIA"). Ans. at 2-4. "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be

futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. As noted, the appropriate initial administrative challenge to an adverse bond ruling is an appeal to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Petitioner concedes he did not file an appeal and thus did not exhaust his administrative remedies. See Trav. at 3. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, Petitioner challenges the IJ's reliance on a 2017 DUI, contending that the decision was pretextual and this was an insufficient basis to deny release on bond. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning this assertion cannot be addressed and corrected in the context of an appeal. The factual record can and should be properly developed by the BIA. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If

either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. In addition, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review. The Court finds Petitioner's argument that exhaustion would be futile because the Department of Homeland Security's current policy "cuts against Petitioner's right to a neutral adjudicator and the BIA has clearly indicated how it interprets the mandatory detention statutes" (Pet. ¶ 62) unpersuasive, as Petitioner has not shown an appeal to the BIA in his particular case would necessarily be futile. As such, prudential exhaustion is required here.

Further, even if the Court were to waive the prudential exhaustion requirement, Petitioner has not met his burden to show the recent bond hearing violated the Due Process Clause and applicable statutes/regulations. An IJ's discretionary bond ruling is typically not reviewable in federal court. See 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). In the limited setting in which a federal district court may review constitutional challenges to an IJ's detention determination, the habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 781-84 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." See id.

at 785. As such, this Court may not second-guess the IJ's weighing of the evidence, <u>Loba L.M. v. Andrews</u>, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026), which is essentially what Petitioner asks the Court to do. Petitioner presents no evidence of the bond hearing record, let alone evidence demonstrating that the IJ applied the incorrect legal standard or abused his discretion in finding Petitioner is a danger to the community. While Petitioner faults Respondents for failing to provide transcripts of the bond hearings (Trav. at 1), as noted, it is Petitioner's burden to prove he is in custody in violation of federal law. <u>Snook</u>, 89 F.3d at 609. The IJ issued a reasoned decision, specific to Petitioner, finding that "[g]iven the serious nature of [his 2017] DUI, including the collision with another vehicle and the fact that [Petitioner] had a fellow intoxicated passenger, and especially given the prior alcohol-related offense, [Petitioner's] conduct reflects a clear danger to others," "despite the relative age of the multiple offenses," and is "especially true given that [Petitioner's] 'rehabilitation' was mostly imposed as a mandatory condition and [Petitioner] has only demonstrated a limited desire to voluntarily accept his problems with alcohol." <u>Id.</u>, Exh. F. Other than generalities, Petitioner does not offer a valid basis for challenging the recent bond hearing. As such, to the extent Petitioner challenges the May bond hearing on the merits, the Petition is denied.

**B.    Challenge to Initial Arrest**

Petitioner also challenges his initial arrest, arguing it was done without a warrant and without a pre-deprivation hearing at which his detention was justified by clear and convincing evidence of flight risk or danger to the community. Pet. ¶¶ 122, 128.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to

7

final removal orders. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." <u>See Mathews v. Eldridge</u>, 424 U.S. 319, 333, 348 (1976) (citation omitted).  The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." <u>Id.</u> at 335. "When bond hearings have already occurred, the question before the Court is whether those reviews were sufficient to satisfy the due process requirements for prolonged, pre-removal order detention." <u>Arshad v. Noem</u>, 2026 WL 864737, at *2 (W.D. Wash. Mar. 30, 2026) (internal quotation marks and citation omitted).

Petitioner's interest in not being detained is "the most elemental of liberty interest[.]" <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 529 (2004). Petitioner has been living in the United States for ten years, has a work permit that does not expire until October 2029, and has three pending forms of relief. At the same time, it is undisputed that Petitioner overstayed his student visa by over nine years at the time of his detention; and he was advised at the time of his arrest that it was for an "overstay." The Court also must consider the process Petitioner received while detained. <u>See Arshad</u>, 2026 WL 864737, at *3. Given Petitioner has received two bond hearings at which he was represented by counsel, the first factor should not be accorded overwhelming weight. <u>Id.</u> (citing <u>Herrera v. Mayorkas</u>, 2025 WL 2382093, at *6 (W.D. Wash. May 19, 2025), <u>adopted by</u> 2025 WL 2380669 (W.D. Wash. Aug. 15, 2025)).

The second <u>Mathews</u> factor considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards." <u>Mathews</u>, 424 U.S. at 335. Petitioner waited six months before challenging the legality or constitutionality of his initial detention. As noted, Petitioner was advised at the time of his arrest that it was for a visa "overstay" and advised of the basis for the removal proceedings in writing on December 29, 2025, five days after his arrest. Petitioner has received two bond hearings where he had the opportunity to challenge his detention. He was represented by counsel at both hearings; had the opportunity to appeal the outcome of those bond decisions to the BIA; and as noted, has not shown his recent bond hearing was constitutionally defective. As such, the second factor weighs in Respondents' favor.

As to the final <u>Mathews</u> factor, the government has a "strong interest" in enforcing the immigration laws. <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1208 (9th Cir. 2022). "The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes." <u>Arshad</u>, 2026 WL 864737, at *3. Given that the IJ recently found Petitioner is a danger to the community by clear and convincing evidence, the Court finds the third factor also weighs in Respondents' favor.

Based on the foregoing, the <u>Mathews</u> factors weigh in Respondents' favor. As such, Petitioner is not entitled to habeas relief based on his arrest. Having found Petitioner is not entitled to relief on the merits of the Petition, the TRO Request seeking to "preserve the status quo" is denied.

**C.      Request for Statewide or Nationwide Relief**

Finally, as to Petitioner's request for "statewide or nationwide relief," as Respondents note, in granting equitable relief, the Court "may administer complete relief <u>between the parties</u>." <u>Trump v. CASA, Inc.</u>, 606 U.S. 831, 851 (2025) (internal quotation marks and citation omitted). "Under this principle, the question is not whether an injunction offers complete relief to <u>everyone</u>

9

potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief to the plaintiffs before the court." Id. at 852. The Court lacks authority to issue a "universal injunction." See id. at 856. Petitioner is not entitled to statewide or nationwide relief as requested.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that: (1) the TRO Request (Dkt. 3) is denied; and (2) Judgment be entered denying the Petition and dismissing this action without prejudice.

Dated: June 30, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge

10